# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK TENNANT,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0018** (BOR Appeal Nos. 2047171 & 2047404)
(Claim No. 2011040573)

**NORTH AMERICAN SERVICES GROUP, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark Tennant, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. North American Services Group, LLC, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board affirmed June 28, 2012, and April 16, 2012, Orders of the Workers' Compensation Office of Judges. In its June 28, 2012, Order, the Office of Judges affirmed the claims administrator's three September 26, 2011, decisions denying Mr. Tennant's requests for Lyrica, physical therapy, and a referral to Christian Sonnefeld, M.D. The Office of Judges also affirmed the claims administrator's August 22, 2011, decision denying a request to add neuropathy and abnormal gait as compensable conditions of the claim. In its April 16, 2012, Order, the Office of Judges affirmed the claims administrator's November 30, 2011, decision denying authorization for the medications Nucynta and Cymbalta. The Office of Judges also affirmed the claims administrator's October 4, 2011, decision closing the claim for vocational rehabilitation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Tennant worked for North American Services Group, LLC. On June 12, 2011, he burned both of his feet while cleaning up a chemical spill. The claims administrator held the claim compensable for first degree burns. Mr. Tennant came under the care of Stephen H. Mascio, M.D., who found that he had lost sensation to light tough at the heels and plantar aspects of his toes. Dr. Mascio diagnosed Mr. Tennant with neuropathy due to chemical exposure and requested that condition be added to the claim. Dr. Mascio also requested that abnormal gait be added as a compensable condition. On August 22, 2011, the claims administrator denied inclusion of the additional conditions. An electromyography (EMG) test was then performed on Mr. Tennant's feet which was essentially normal except mild sensory polyneuropathy secondary to diabetes could not be ruled out by the study. Stephen R. Timms, M.D., then treated Mr. Tennant and found that his diabetes mellitus was well controlled. Dr. Timms instead attributed Mr. Tennant's current symptoms to the compensable chemical burn. On September 26, 2011, the claims administrator issued three separate decisions denying requests for Lyrica, physical therapy, and a referral to Dr. Sonnefeld which were all related to Mr. Tennant's neuropathy and abnormal gait. On October 4, 2011, the claims administrator closed the claim for vocational rehabilitation because Mr. Tennant was not ready to participate in rehabilitation services. Joseph E. Grady II, M.D., then evaluated Mr. Tennant and found that the etiology of his current foot pain was uncertain. Dr. Grady also found that Mr. Tennant's bilateral foot burns had healed. Dr. Grady suggested that Mr. Tennant's symptoms could be the result of diabetes. Dr. Grady, however, believed that he had reached his maximum degree of medical improvement for the compensable condition. On November 30, 2011, the claims administrator denied Mr. Tennant's request for the medications Nucynta and Cymbalta. Jack Riggs, M.D., then evaluated Mr. Tennant and found that he had mild peripheral neuropathy which he believed was attributable to diabetes mellitus. On April 16, 2012, the Office of Judges affirmed the claims administrator's closure of the claim for vocational rehabilitation and its denial of Nucynta and Cymbalta. On June 28, 2012, the Office of Judges affirmed the claims administrator's refusal to add neuropathy and abnormal gait and its three denials of treatment requests. The Board of Review affirmed both Orders of the Office of Judges on December 6, 2012, leading Mr. Tennant to appeal.

In its April 16, 2012, Order, the Office of Judges concluded that Mr. Tennant's temporary disability was not attributable to the compensable injury. The Office of Judges also concluded that the medications Nucynta and Cymbalta related to symptoms that were not covered as part of the claim. The Office of Judges found that the only compensable condition of the claim was first degree burns of both feet. Based on Dr. Grady's report, the Office of Judges determined that he had reached his maximum degree of medical improvement with respect to this condition. The Office of Judges determined that Mr. Tennant's inability to work and need for the requested medication and rehabilitation were related to the diagnoses of neuropathy and abnormal gait, which were not compensable conditions of the claim. The Office of Judges noted that the etiology of these symptoms was not certain.

In its June 28, 2012, Order, the Office of Judges concluded that the diagnoses of neuropathy and abnormal gait were not related to the compensable injury. The Office of Judges further concluded that the requested treatments were related to non-compensable conditions and therefore, should not be authorized. The Office of Judges based these conclusions on the opinions of Dr. Grady and Dr. Riggs, who found no evidence of peripheral neuropathy related to

the compensable injury. The Office of Judges also noted that Dr. Riggs believed that Mr. Tennant's symptoms were most likely caused by his diabetes mellitus. The Office of Judges found that the only evidence supporting Mr. Tennant's position was the opinion of Dr. Timms, who did not believe that his symptoms were attributable to diabetes. However, the Office of Judges found that Dr. Timms's opinion was not supported by the remainder of the record. The Board of Review adopted the findings of the Office of Judges and affirmed both of its Orders.

The decision of the Board of Review was based on a material misstatement and mischaracterization of the evidentiary record. Mr. Tennant has demonstrated that the diagnoses of neuropathy and abnormal gait are causally related to the compensable June 12, 2011, injury. The treatment records from Dr. Mascio show that Mr. Tennant developed neuropathic problems in his feet immediately following the date of the injury. Dr. Mascio's records further demonstrate that these neuropathic problems effected Mr. Tennant's gait. There is not sufficient evidence in the record attributing these conditions to a non-compensable cause. The treatment notes from Dr. Timms show that Mr. Tennant's diabetes was well controlled and would be unlikely to cause his ongoing neuropathic and gait problems. Mr. Tennant has also demonstrated that physical therapy; a referral to Dr. Sonnefeld; and the medications Lyrica, Nucynta, and Cymbalta are medically related and reasonably required to treat his compensable injury. The claims administrator's denial of vocational rehabilitation benefits was not protested by Mr. Tennant on appeal and will not be disturbed.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to add neuropathy and abnormal gait as compensable conditions of the claim. The Board of Review is also instructed to grant authorization for the requested physical therapy, referral, and medications.

Reversed and Remanded.

**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3